The first case today is number 24-1583, United States v. Adam Johnson. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. May it please this court, my name is Ronald Bourget, I'm an attorney from Augusta, Maine. I represent the appellant, Adam Johnson. Your Honor, I request a minute for rebuttal. Okay, one minute for rebuttal. And in this case, it's an appeal from a criminal judgment on the charge of conspiracy of traffic fentanyl. He received a sentence of 180 months. And I'd ask the court to consider two areas of concern as presented by my brief, which has three issues. The first issue deals with the denial of the hearing, the denial of the hearing for a proper waiver of a plea in cooperation agreement to allow his statements, which were made at grand jury, to be used against him in his trial. Can I ask you, I think I understand your brief to be arguing that the error here was the denial of the motion in limine without granting a hearing. Correct. Not that the error necessarily was the denial of the motions in limine. It was the issue of whether or not there should have been a hearing. And I think that's good clarification because obviously emotionally you can get concerned when he uses the words like crystalline clarity of the contract, if you will. When in reality, because his order requires us to look at the four corners of his order. And the need for the hearing is to not just have the four corners of the plea agreement, if you will, but also to have all the circumstances that occurred with it. So let me sort of ask you two questions. Why wouldn't it be within the trial justice's discretion to decide whether or not to grant a hearing? And then sort of related to that, what made it clear in the papers or the record that the defendant wanted a hearing on the motion in limine issue? We repeated numerous times the issue. Prior counsel had filed the motion originally, and I believe he had requested a hearing. Now, that may not be correct, okay? And there is a formal requirement with regard to hearing requirement. We went to a motion to suppress, and at sidebar it was determined that a different time would be held for that hearing. So I believe it's in the sidebar hearing of the transcript of the motion to suppress. So what are you maintaining is the standard of review for this contention that there should have been a hearing? So U.S. v. Masnado and Newbert clearly do apply with regard to, you know, the four corners of the plea and cooperation agreement, whether or not Rule 410 or the rules of evidence have been waived by the ---- But you need to have said to the judge below you have to have a hearing in order for us to have traditional review. Otherwise, isn't it plain error review? Yes, it's plain error. And even in the motion all the way through the time that I had the case, including the motion for acquittal, this issue was brought up. And the big issue, even without hearing, deals with the four corners of the plea agreement. And so the court could have ruled that the plea agreement does not properly waive the 410 ability to let it in. And that point, if I may, the point is that there's a big smudge on that plea agreement. And that's that another lawyer did the review before grand jury. His own lawyer was not there. As I read the motion that you're referring to, his argument was not that he didn't breach and didn't comply with the plea agreement. His argument is that the plea agreement should be of no effect because he didn't knowingly enter into it. He wasn't given enough time. There was another lawyer there, et cetera. And that would have been the reason we would have wanted the hearing would be to have brought forward those issues of knowingly. And the situation that concerns me a lot is that obviously you get it in Rule 11 all the time. And also most plea agreements, you do get the knowingly requirement because you end up in a rule. This one did not. And you had another lawyer there. And I think that's a gross smudge on the issues of contract when you're talking about crystalline clarity of a contract or trying to say that these plea agreements are so straightforward, if you will, for a criminal defendant that's had five lawyers and cooperated with the U.S. government and went through a number of different agreements, some being without lawyers with CS agreements, then proffers and then go into this one and not have his lawyer sign it. Someone signed on behalf of his lawyer. He did not have a lawyer when he agreed to this agreement. You know, does that really make sense in that case? Well, I thought he had a lawyer. It was a colleague of his lawyer. Okay, so then we get into what is a colleague, and we really didn't have facts about that. But we do know that Mr. Hess is not in that other lawyer's firm, authority, or whatever. Okay, fine, he's a colleague. He's a member of the main bar. He's a member probably of this bar. But that doesn't mean that he can take care of a client in five minutes at the Margaret Chase Smith building in Bangor before going into grand jury and just rattle off a signature on behalf of. What other cases do we have? Wasn't there also, I thought the district court relied on the transcript of the grand jury proceeding. There is. To find that the decision to sign the plea agreement was knowing and he understood it and was voluntary. Okay, and that can be read into that that way, and I appreciate that, that it was read into it. But there was only one question asked, and the one question is, what do you think? And the defendant said, well, if I don't tell the truth, I'll be affecting my proffer rights, is what he says. And there's a lot more to proffers, and there's a lot more to waiver of Rule 410, and clearly that document. That sort of gets us to sentencing, if you want to talk a little about sentencing here. I made the issue that he should have been granted, even though he had a trial, he should have been granted acceptance responsibility. I don't know of a case where we've laid out the case for the government so clearly to have someone testified in grand jury for a now deceased supplier from Massachusetts, and the government not really caring now because his prosecution wasn't very valuable. Counsel, the district court, I know, thought carefully about your argument and ultimately varied downward, but decided not to apply the reduction for acceptance of responsibility. And I think you acknowledge in your brief that the law provides that when somebody chooses to go to trial, it's an extremely unusual circumstance for it to be applied. So because we are out of time, what exactly do you think the district court got wrong? Because the district court did hear you out, thought about it, and instead decided to vary. So what exactly would you say was the error given the legal standard that we have to apply? It's a rebuttable presumption, and in the rebuttable presumption, the defendant met all of the other requirements that would be met other than to have the trial. He didn't take the stand. He didn't lie. He accepted the ‑‑ and he had a valid reason to try the case because one of the points we made to the jury was that the drug, if it were heroin, would not be fentanyl, and that was not accepted by the jury. But that was the sole reason. They never had a test for the fentanyl. So he had brought forward a reason. He had a plea agreement that was imperfect. All those things together would have created an acceptance, and then we could have diverted from that number downward even more from the 180 months. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good morning. May it please the Court. Brian Kleinbord on behalf of the United States. Your Honors, I'll start with a couple of the questions the Court had regarding Issue 1, specifically on the issue of this idea that Mr. Johnson did not have sufficient time to review the plea and cooperation agreements or that he didn't have his counsel with him at the grand jury proceedings. I would urge the Court to look at the grand jury testimony by Mr. Johnson at pages 104 and 105 of the sealed appendix. The government questioned Mr. Johnson thoroughly at the grand jury hearing about his understanding, his ability to review the plea and cooperation agreements. He was asked if he had sufficient time to discuss them with Attorney Hess, who was his main attorney prior to appearing before the grand jury. Mr. Johnson answered yes. He indicated that he had sufficient time. He also, in response to the government's question, understood that he was proceeding and comfortable proceeding with stand-in counsel at the grand jury testimony in lieu of his other counsel, and he had no issues with that. So it's really a thorough colloquy about his understanding and his affirming that he had time to review the plea and cooperation agreements. Let me put out there what concerns me. As I understand it, if the government had maintained that he breached the plea agreement and he said he didn't and there were any factual issues concerning whether he breached the plea agreement and, therefore, whether the government could use the evidence it wasn't otherwise going to use, I think our case law under Gonzales says there has to be an evidentiary hearing because the rights are important. If I'm correct about that, then why wouldn't the same rule apply to the question of whether the plea agreement was made in the first instance? In other words, before ruling that he entered into it voluntarily, the court should have had the evidentiary hearing akin to what it would have if the government were alleging he breached it. Well, Your Honor, I think the short answer to that is that Mr. Johnson never requested of the district court to hold a hearing. So let's say that's true. That then means, though, that we're on plain error review here. And so it's the same question that I just asked, only insert the word clearly. Yeah, I don't think that the appellant can show that there was clear error here for refusing to hold a hearing when one wasn't asked, the defendant didn't present any evidence of material facts that were in dispute. I think, actually, the court says in resolving the motion that the facts were largely undisputed. And so there simply wasn't a presentation made before the district court to show any reason why a hearing was necessary in this case. And, in fact, the plea and cooperation agreements themselves state that in the event that there is a dispute about a breach, it would be resolved by the court. It doesn't say, you know, after a hearing. It clearly indicates that the court can resolve this on the papers as it did. But that can't trump our precedent that says, in Gonzales-Sanchez, it must demonstrate to the court and the trial court must hold an evidentiary hearing. Well, I'm sure in Gonzales there was a request for a hearing. And I'm not familiar with the facts of Gonzales, but if there was a request for a hearing and the appellate court found that it was an abuse of discretion under the facts not to hold a hearing, that would be a different case. That's not what we have here. I would also say with respect to my opposing counsel didn't argue about the leader-organizer enhancement. I'm happy to answer any questions the court has about that. That's issue two. But as far as issue three and the acceptance, that's an issue that's a fact-bound determination that's reviewed for clear error only. As the court is aware, normally if a defendant goes to trial and puts the government to its burden, acceptance of responsibility is not available. The court has said in rare circumstances where the defendant is not challenging his factual guilt but is reserving a legal issue like challenging the constitutionality of a statute or something like that, and they go to trial just to preserve that issue, maybe that's a rare situation where acceptance would be given notwithstanding the fact that the defendant went to trial. We certainly don't have that here. The court did exercise its discretion under Landron Class to acknowledge Mr. Johnson's, I think he called it sporadic cooperation with the government and did elect to impose a downwardly variant sentence significantly, 80 months below the bottom of the guidelines. And so I think acceptance was not warranted here, but the court nevertheless exercised its discretion to vary downwardly, and the appellant has not demonstrated that that was error in any way. So I would ask that the court affirm the judgment of the district court on all three grounds. Unless the court has any further questions, I'll reserve, submit on my briefs. Thank you. Thank you. At this time, would counsel for the appellant please come to the podium? He has a one-minute rebuttal. Please introduce yourself back on the record. Sure. Ronald Bourget, attorney from Augusta, Maine. And so I will just, you know, lead into the briefs, Your Honor, as far as those go. But I do want the court to understand that the judge had a PSR where it was level 36, criminal history 4, so it was 262 to 327 were the guidelines, and it was reduced. But if the acceptance of responsibility, if the two sentencing deductions were given, it would have gone down to 135 to 168. It would have been a 30 level instead of a 36. Substantial difference. And that substantial difference, I believe, applies in this case if you go through everything the court knew. This person got stopped in New Hampshire. A defendant got stopped in New Hampshire. Your time is up. Appreciate it. Thank you, counsel. That concludes argument in this case.